McKinney, J.,
delivered the opinion of the Court.
This was an action on the case, for the malicious and illegal arrest, and false imprisonment, of the plaintiff, for $86.25, and an appeal in error by the defendant.
It appears that McQueen was the sheriff of Johnson County. An indictment had been found in the Circuit Court of said County, against Heck, for bigamy. On this indictment being found, a capias issued against the body of the defendant, which was placed in the hands of McQueen for execution, who, on the 16th of March, 1851, executed said process, by arresting the defendant, and taking bail for his appearance to answer the charge of which he stood indicted ; and, thereupon, the defendant was discharged by the sheriff. The bail-bond, however, was only in the penalty of $250 ; and afterwards, *214 on the 21st of March, several days after the defendant's discharge, McQueen again arrested him upon the same capias, and for want of bail, committed him to prison, where he was confined for some considerable length of time.
The latter arrest was made, it seems, upon the assumtion that the bail-bond taken on the first arrest, was a nullity, because the penalty was less than that required by the Act of 1809, chap. 6, sec. 2. At the time of the first arrest, the sheriff made a formal statement of the facts on the back of the process, showing its execution, by arresting the defendant, and taking a bail-bond for his appearance.
The gravamen of the action, is the second arrest, and consequent imprisonment, and the question in the case, is, was it illegal? We think it was.
That the bail-bond was a valid common law obligation, can admit of no doubt. But, whether so, or not, is wholly unimportant, so far as regards the legality of the second arrest.
It is clear, that upon the full execution of the capias, in the first instance, by arresting the defendant, taking bail for his appearance, and discharging him from custody, the process had served its purpose, and the power of the sheriff was exhausted. This is the inevitable result. The fact, that the sheriff may have, in ignorance of his duty, taken a defective, or void, bond, cannot restore the defunct process, or re-invest him with authority to again arrest the defendant; and consequently, in doing so, the sheriff was a trespasser: Lowell on Sheriff, 198, 199-
The form of the action was a matter of no consequence, as under our Statute, the actions of trespass and *215 case are made concurrent remedies, to some extent, at least. In all cases, the action on the case may be substituted for trespass, and, of course, whenever a recovery might be had in trespass, on common law principles, the same recovery may be had in case, under the Statute: see Act of 1849-50, chap. 141. In this vief, it is unimportant, whether, or not, the second arrest was prompted by malice on the part of the sheriff, as, in either event, he would clearly be liable for the trespass.
In trespass, it is not necessary for the plaintiff to show that the act was done of malice, or any wrongful intent: so far as the right to maintain the action is concerned, it is sufficient if it were done without a lawful or justifiable cause, though it may have been done accidentally, or by mistake : 2 Greenleaf’s Ev., sec. 622.
Judgment affirmed.